People v Ugwu (2022 NY Slip Op 00634)





People v Ugwu


2022 NY Slip Op 00634


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Ind. No. 3830/14 Appeal No. 15195 Case No. 2018/3071 

[*1]The People of the State of New York, Respondent,
v
Nnaemeka Ugwu, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered May 12, 2017, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of seven years, unanimously affirmed.
The court correctly determined that the victim was sufficiently familiar with defendant so that her identification of defendant was confirmatory (see People v Rodriguez, 79 NY2d 445, 451-453 [1992]). The responding officer testified that, over a six-month period of time leading up to the crime, the victim had seen defendant on a regular basis in a park, that defendant had frequently spoken to her as she traversed the park, and that during this time the victim had a clear view of defendant's face. Although the victim did not testify at the hearing, the People satisfied their burden by way of the officer's detailed testimony about what he learned from the victim (see People v Lee, 169 AD3d 404, 404 [1st Dept 2019], lv denied 33 NY3d 1070 [2019]).
The court providently exercised its discretion in admitting evidence of a threat made by defendant to the victim upon his arrest. Contrary to his contention, the probative value of that evidence outweighed any potential prejudice.
The court, which permitted defendant to introduce extensive expert testimony about matters potentially relevant to the reliability of the victim's testimony, including possible effects of her use of PCP, providently exercised its discretion in precluding expert testimony that PCP may cause memory loss. Because there was no evidence that the victim was suffering from memory loss, there was no foundation for the proposed testimony (see People v Gatson, 180 AD3d 429, 430 [1st Dept 2020], lv denied 35 NY3d 1094 [2020]; People v Brooks, 134 AD3d 574, 574 [1st Dept 2015] lv denied 27 NY3d 1149 [2016]). In any event, any error in this regard was harmless.
Defendant did not preserve his claim that he was constitutionally entitled to introduce the expert testimony at issue, or his claim that the court should have provided a limiting instruction regarding his threat to the victim, and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022